William SEAGRAVES, Appellant,

v.

CITY OF McKINNEY, Texas,
and McKinney Housing
Authority, Appellees.

No. 05–00–00229–CV.

Court of Appeals of Texas,
Dallas.

May 16, 2001.

Michael J. Todd, Dallas, for Appellant.

Gerald Vincent Bright, Walker Bright & Lewis, P.C., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and ROACH.

**1.** Although Seagraves includes the City of McKinney (the City) in the style of this cause, his appeal is taken solely from the summary judgment in favor of the Authority, and his

## OPINION

BRIDGES, Justice.

William Seagraves appeals the trial court's summary judgment in favor of the McKinney Housing Authority (the Authority).[1] In two issues on appeal, Seagraves argues he used due diligence in serving process on the Authority, and any objection to service was waived when the Authority filed an answer that did not include any objections to service and did not assert the affirmative defense of statute of limitations. We affirm the trial court's judgment.

On May 30, 1996, Seagraves was injured on the steps at his apartment complex. On May 29, 1998, Seagraves filed his original petition naming the City of McKinney and the Authority as defendants. The certificate of service attached to Seagraves' original petition stated the fee had been paid to have the petition "served upon Defendant, City of McKinney, through its City Secretary, Jennifer Smith, at 222 N. Tennessee, McKinney, Texas 75070; and Defendant, McKinney Housing Authority, through its agent, Leonard McGowan, at 1200 N. Tennessee, McKinney, Texas 75069." However, on June 2, 1998, the citations for both the City and the Authority were served on the City Secretary. On June 18, 1998, the City filed an answer and special exceptions. The Authority made no response. Seagraves apparently took no further action in this matter, and on February 4, 1999, the trial court notified him the case would be dismissed for want of prosecution on March 17, 1999, if he did not appear or request a trial setting. On March 16, 1999, Seagraves requested that

brief does not challenge the summary judgment in favor of the City. Accordingly, we only address whether summary judgment was properly granted in favor of the Authority.

his case be set on the trial docket. The City substituted counsel, and its new counsel filed an agreed motion for continuance on June 1, 1999.

On June 29, 1999, Seagraves filed his first amended petition and served citation the next day on the Authority's executive director Leonard McGowan at 1200 N. Tennessee, McKinney, Texas 75069. Seagraves did not serve a new citation on the City. On July 26, 1999, the Authority filed its original answer asserting general and special denials and certain affirmative defenses. Although the Authority's original answer did not assert the affirmative defense of limitations, on November 19, 1999, the Authority filed a motion for summary judgment asserting that Seagraves' claims were barred by limitations. The trial court granted the Authority's motion, and this appeal followed.

■ In his first issue, Seagraves argues he exercised due diligence in serving process on the Authority. Statute of limitations is an affirmative defense. Tex.R. Civ. P. 4. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991); *Taylor v. Thompson*, 4 S.W.3d 63, 64 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). When a defendant moves for summary judgment on its affirmative defense, it must conclusively prove all the essential elements of its defense as a matter of law, leaving no issues of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Taylor*, 4 S.W.3d at 65.

■ When a plaintiff files a petition within the limitations period but does not serve the defendant until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. *See Murray v. San Jacinto Agency, Inc.*,

800 S.W.2d 826, 830 (Tex.1990); *Taylor*, 4 S.W.3d at 65. The plaintiff must exercise due diligence in the issuance and service of citation. *Murray*, 800 S.W.2d at 830; *Taylor*, 4 S.W.3d at 65. When a defendant (the Authority) has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff (Seagraves) to explain the delay. *Murray*, 800 S.W.2d at 830. Because Seagraves failed to serve citation on the Authority within the period of limitations, he had the burden to prove that he used due diligence in procuring the subsequent issuance and service of citation on the Authority. *See Taylor*, 4 S.W.3d at 65. An unexplained delay in effecting service constitutes a lack of due diligence. *Id.*

■ Thus, the issue before us is whether the record shows any evidence that Seagraves used diligence in procuring the issuance and service of citation. *See id.* The duty to use due diligence continues from the date the suit is filed until the date the defendant is served. *Id.; see Jimenez v. County of Val Verde*, 993 S.W.2d 167, 170 (Tex.App.—San Antonio 1999, pet. denied). Generally, the exercise of due diligence is a question of fact. *Taylor*, 4 S.W.3d at 65; *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied). However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Taylor*, 4 S.W.3d at 65; *Hodge*, 856 S.W.2d at 215. The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Taylor*, 4 S.W.3d at 65; *Hodge*, 856 S.W.2d at 215.

The record shows Seagraves filed his lawsuit on May 29, 1998, one day before the statute of limitations ran. Although the certificate of service on Seagraves' original petition shows Seagraves had the Authority's correct address, the citation was served on the City Secretary at the City's address. The City subsequently filed an answer, but the Authority did not answer. Seagraves took no further action in this case for more than seven months, and only requested a trial setting when the trial court informed him the case would be dismissed for want of prosecution if he did not act. The case proceeded, still without the Authority's participation or involvement, until June 29, 1999, when Seagraves filed his first amended petition and served citation on the Authority at its correct address. Under the facts and circumstances of this case, we conclude Seagraves offered no valid excuse for the delay of more than a year between filing suit and obtaining service on the Authority. *See Taylor*, 4 S.W.3d at 65; *Hodge*, 856 S.W.2d at 215. We overrule Seagraves' first issue.

In Seagraves' second issue, he argues the Authority waived any objections to service of process and the affirmative defense of statute of limitations by not asserting them in the Authority's original answer. Specifically, Seagraves argues the Authority entered a general appearance, thereby dispensing with the need to issue service of process, relying on *Gonzalez v. Phoenix Frozen Foods*, 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ). *See* Tex.R. Civ. P. 121 (an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation). Seagraves' reliance on *Gonzalez* to support his contention that the Authority waived service of citation is misplaced. The issue in *Gonzalez* was whether defendants waived a defect in service by making several appearances *within* the limitations period. *Taylor*, 4 S.W.3d at 66; *see Gonzalez*, 884 S.W.2d at 589. In *Gonzalez*, the court of appeals determined the defendants had not waived service of process because the appearances were in connection with another suit and were not connected with the suit filed by the plaintiff in that case. *Taylor*, 4 S.W.3d at 66; *see Gonzalez*, 884 S.W.2d at 589. Seagraves does not cite any authority to support his contention that filing a general appearance waives service of process when the statute of limitations has run and there has been a lack of due diligence in the procurement of citation and service. *See Taylor*, 4 S.W.3d at 66. Accordingly, we conclude the Authority did not waive the running of the statute of limitations when it filed a general appearance after the running of the statute of limitations. *See id.* We overrule Seagraves' second issue.

We affirm the trial court's judgment.