Kelly K. BAKER, Steve Barbosa, Tobi Michelle Brown, Christopher M. Butcher, Augustina Caudillo, Richard Caudillo, Selma J. Hinton, Vernon Hinton, Genevive "Genny" B. Horton, Robert Michael Koetting, Billy Gene Owen, Karen Owen, London Owen, William G. Owen, Salvador E. Rodriguez, and Mark Terrell, Appellants.

v.

MONSANTO COMPANY, Appellee.

No. 01–01–00081–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 23, 2002.

James B. Manley, James B. Manley, P.C., Pasadena, for Appellant.

Phyllis J. Cohen, Porter & Hedges, LLP, Houston, for Appellee.

Panel consists of Justices MIRABAL, JENNINGS and PRICE.*

## OPINION

TERRY JENNINGS, Justice.

Appellants, Kelly K. Baker et al., filed a petition in intervention in a toxic tort suit brought by the underlying plaintiffs, Michael Asbill et al. (plaintiffs), against several defendants, including appellee, Monsanto Company (Monsanto). Monsanto, independent of its co-defendants, filed a motion for summary judgment against the appellants based on the affirmative defense of limitations. In three issues presented for our review, appellants challenge the trial court's order granting summary judgment in favor of Monsanto. We affirm.

## Procedural Background

On February 24, 1995, plaintiffs filed the original action, a toxic tort suit against Monsanto and other defendants for alleged injuries to their persons and properties in connection with a Brio/DOP Superfund site.[1] On May 18, 1995, appellants, alleging similar causes of action, filed their petition in intervention, and attempted Rule 21a[2] service on Monsanto's counsel by certified mail, return receipt requested. Monsanto's counsel, by letter dated May 22, 1995, informed appellants' counsel that it would not accept service on behalf of Monsanto. Monsanto had yet to be served with citation[3] by plaintiffs or appear as a party in the original action.

Plaintiffs subsequently served citation on Monsanto in the original action by serving its agent for service, CT Corporation System, in Dallas, on June 29, 1995. Monsanto filed its original answer to plaintiffs' original action on July 7, 1995. Appellants, however, made no other attempt to serve Monsanto.

On June 5, 1997, Monsanto filed a motion for summary judgment against appellants based on limitations. Subsequently, on September 8, 1997, Monsanto filed its original answer to appellants' claims, asserting limitations as an affirmative defense. The trial court granted Monsanto's motion for summary judgment on October 6, 1999, which was made final and appealable by an order of severance signed November 20, 2000.

## Standard of Review

A party moving for summary judgment has the burden of proving there is no

---

* The Honorable Frank Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The Brio/DOP Superfund site in question encompasses the Southbend subdivision located in southeast Houston, bounded by Dixie

Farm Road, Scarsdale Boulevard, and Beamer Road.

2. Tex.R. Civ. P. 21a.

3. Tex.R. Civ. P. 99.

genuine issue of material fact and the movant is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge all reasonable inferences in the nonmovant's favor. *KPMG Peat Marwick v. Harrison County Housing. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). When a defendant moves for summary judgment on its own affirmative defense, it must prove each element of its defense as a matter of law, leaving no issues of material fact. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex.1997).

### Service and Statute of Limitations

■ In their first issue, appellants claim the trial court erred in granting summary judgment in favor of Monsanto because Monsanto was properly served within the limitations period under Texas Rule of Civil Procedure 21a.

■ Limitations is an affirmative defense. *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex.App.-Dallas 2001, no pet.). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). The issue of due diligence can be determined in a defendant's favor as a matter of law if a plaintiff provides no valid excuse for its failure to timely serve process. *Holstein v. Fed. Debt Mgmt., Inc.*, 902 S.W.2d 31, 35 (Tex.App.-Houston [1st Dist.] 1995, no writ). However, if the plaintiff offers a valid excuse, the plaintiff raises a fact question which will defeat the defendant's motion for summary judgment. *Id.*

■ A person must bring suit for injury to person or property not later than two years after the date the cause of action accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1997). To "bring suit" within the two-year limitations period, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. *Gant*, 786 S.W.2d at 260. The filing of the lawsuit alone does not interrupt the running of limitations. *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). The duty to use diligence continues from the date the suit is filed until the date the defendant is served. *Id.*

To sue timely, within the limitations period, appellants had to file suit and serve Monsanto within two years from the date the cause of action accrued. Monsanto concedes that appellants' claims accrued no later than May 18, 1995, the date their petition in intervention was filed. Thus, appellants had until May 18, 1997 to timely serve Monsanto. Under Rule 21a, appellants contend service was perfected on Monsanto on May 18, 1995, by serving Monsanto's counsel by certified mail, return receipt requested. We disagree.

An intervenor may, under Rule 21a, serve a petition in intervention on the *parties* to the suit by notifying opposing counsel of the filing of such pleadings. Tex.R. Civ. P. 21a; *McWilliams v. Snap-Pac Corp.*, 476 S.W.2d 941, 950 (Tex.App.-Houston [1st Dist.] 1971, writ ref'd n.r.e.). However, citation is necessary when the intervenor requests relief against a defendant who has not yet appeared. *McWilliams*, 476 S.W.2d at 950. When appellants filed their petition in intervention, Monsanto had yet to be served by plaintiffs and appear as a party to the underly-

ing lawsuit. Because Monsanto was not a party to the underlying suit at the time appellants' petition in intervention was filed, service of citation by appellants was necessary. *Id.* Thus, appellants' May 18, 1995 attempted service on Monsanto's counsel by certified mail, return receipt requested, was defective and invalid.

After May 18, 1995, appellants made no effort, under either Rule 21a or Rule 99, to serve Monsanto. Nor did appellants ever make any further attempt or effort to serve Monsanto after Monsanto answered and appeared as a party to plaintiff's underlying suit on July 7, 1995. Because appellants failed to serve Monsanto within the limitations period, they had the burden to prove that they used due diligence in procuring service upon Monsanto. *Taylor,* 4 S.W.3d at 65. Appellants' failure to ever effect proper service constitutes a lack of due diligence. *Id.*

We overrule appellants' first issue.

### General Appearance

In their second and third issues, appellants contend that even if Monsanto was improperly served under Rule 21a, service of citation was unnecessary because Monsanto waived any defects in service by making a general appearance in the trial court. Appellants assert that Monsanto made a general appearance in the trial court with its July 7, 1995 original answer to plaintiffs' underlying action. Alternatively, appellants contend that Monsanto made a general appearance on June 5, 1997 when it filed its motion for summary judgment.

Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer upon the trial court jurisdiction over a person. *C.W. Bollinger Ins. Co. v. Fish,* 699 S.W.2d 645, 655 (Tex.App.-Austin 1985, no writ). Under Rule 120, a defendant may, in open court, enter an appearance, which has the same effect as if the citation had been duly issued and served by law. Tex.R. Civ. P. 120. Any intervening appearance to invoke the trial court's judgment about a question other than the court's jurisdiction is a general appearance. *Shapolsky v. Brewton,* 56 S.W.3d 120, 140 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

Here, Monsanto neither received nor waived the required service. Monsanto's answer to plaintiffs' original suit was directed specifically to those plaintiffs from whom they had received proper service of citation. As discussed above, appellants did not properly serve Monsanto. Thus, Monsanto did not waive appropriate service by appellants simply because it answered the claim of the original plaintiffs. Monsanto's appearance was made in connection with the underlying suit, not with the petition in intervention filed by appellants. *See Seagraves,* 45 S.W.3d at 783 (finding no waiver where appearance connected with other suit).

Appellants' argument that Monsanto waived any defects in service by making a general appearance on June 5, 1997 when it filed its motion for summary judgment also fails. Although filing a motion for summary judgment invokes the trial court's judgment about a question other than the court's jurisdiction, Monsanto's motion was made after limitations had run. As in *Seagraves,* appellants cite no authority to support their contention that a general appearance waives service of process where limitations have run and there was a lack of due diligence in the procurement of citation and service. *Id.* Accordingly, we hold that Monsanto did not waive proper service by filing its motion for summary judgment after limitations had run and where there was a lack of due diligence by

appellants in the procurement of proper service.

We overrule appellants' second and third issues.

## Conclusion

We affirm the judgment of the trial court.