Opinion issued May 23, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00081-CV

____________


KELLY K. BAKER, STEVE BARBOSA, TOBI MICHELLE BROWN,
CHRISTOPHER M. BUTCHER, AUGUSTINA CAUDILLO, RICHARD
CAUDILLO, SELMA J. HINTON, VERNON HINTON, GENEVIVE
"GENNY" B. HORTON, ROBERT MICHAEL KOETTING, BILLY GENE
OWEN, KAREN OWEN, LONDON OWEN, WILLIAM G. OWEN,
SALVADOR E. RODRIGUEZ, AND MARK TERRELL, Appellants


V.


MONSANTO COMPANY, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 95-10137C






O P I N I O N

 Appellants, Kelly K. Baker et al., filed a petition in intervention in a toxic tort
suit brought by the underlying plaintiffs, Michael Asbill et al. (plaintiffs), against
several defendants, including appellee, Monsanto Company (Monsanto). Monsanto,
independent of its co-defendants, filed a motion for summary judgment against the
appellants based on the affirmative defense of limitations. In three issues presented
for our review, appellants challenge the trial court's order granting summary
judgment in favor of Monsanto. We affirm.

Procedural Background

 On February 24, 1995, plaintiffs filed the original action, a toxic tort suit
against Monsanto and other defendants for alleged injuries to their persons and
properties in connection with a Brio/DOP Superfund site. (1) On May 18, 1995,
appellants, alleging similar causes of action, filed their petition in intervention, and
attempted Rule 21a (2) service on Monsanto's counsel by certified mail, return receipt
requested. Monsanto's counsel, by letter dated May 22, 1995, informed appellants'
counsel that it would not accept service on behalf of Monsanto. Monsanto had yet
to be served with citation (3) by plaintiffs or appear as a party in the original action. 

 Plaintiffs subsequently served citation on Monsanto in the original action by
serving its agent for service, CT Corporation System, in Dallas, on June 29, 1995. 
Monsanto filed its original answer to plaintiffs' original action on July 7, 1995. 
Appellants, however, made no other attempt to serve Monsanto. 

 On June 5, 1997, Monsanto filed a motion for summary judgment against
appellants based on limitations. Subsequently, on September 8, 1997, Monsanto filed
its original answer to appellants' claims, asserting limitations as an affirmative
defense. The trial court granted Monsanto's motion for summary judgment on
October 6, 1999, which was made final and appealable by an order of severance
signed November 20, 2000. 

Standard of Review

 A party moving for summary judgment has the burden of proving there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of
law on the issues expressly set out in the motion or response. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 410 S.W.2d 546, 548 (Tex. 1985). In reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant and
indulge all reasonable inferences in the nonmovant's favor. KPMG Peat Marwick v.
Harrison County Housing Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). When a
defendant moves for summary judgment on its own affirmative defense, it must prove
each element of its defense as a matter of law, leaving no issues of material fact.
Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997).

Service and Statute of Limitations

 In their first issue, appellants claim the trial court erred in granting summary
judgment in favor of Monsanto because Monsanto was properly served within the
limitations period under Texas Rule of Civil Procedure 21a.


 Limitations is an affirmative defense. Seagraves v. City of McKinney, 45
S.W.3d 779, 782 (Tex. App.--Dallas 2001, no pet.). When a plaintiff files a petition
within the limitations period, but does not serve the defendant until after the statutory
period has expired, the date of service relates back to the date of filing if the plaintiff
exercised diligence in effecting service. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990). The issue of due diligence can be determined in a defendant's favor as a
matter of law if a plaintiff provides no valid excuse for its failure to timely serve
process. Holstein v. Fed. Debt Mgmt., Inc., 902 S.W.2d 31, 35 (Tex. App.--Houston
[1st Dist.] 1995, no writ). However, if the plaintiff offers a valid excuse, the plaintiff
raises a fact question which will defeat the defendant's motion for summary
judgment. Id. 

 A person must bring suit for injury to person or property not later than two
years after the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003(a) (Vernon 1997). To "bring suit" within the two-year limitations period,
a plaintiff must not only file suit within the applicable limitations period, but must
also use diligence to have the defendant served with process. Gant, 786 S.W.2d at
260. The filing of the lawsuit alone does not interrupt the running of limitations.
Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.--Houston [1st Dist.] 1999, pet.
denied). The duty to use diligence continues from the date the suit is filed until the
date the defendant is served. Id. To sue timely, within the limitations period, appellants had to file suit and
serve Monsanto within two years from the date the cause of action accrued. 
Monsanto concedes that appellants' claims accrued no later than May 18, 1995, the
date their petition in intervention was filed. Thus, appellants had until May 18, 1997
to timely serve Monsanto. Under Rule 21a, appellants contend service was perfected
on Monsanto on May 18, 1995, by serving Monsanto's counsel by certified mail,
return receipt requested. We disagree. 

 An intervenor may, under Rule 21a, serve a petition in intervention on the
parties to the suit by notifying opposing counsel of the filing of such pleadings. Tex.
R. Civ. P. 21a; McWilliams v. Snap-Pac Corp., 476 S.W.2d 941, 950 (Tex.
App.--Houston [1st Dist.] 1971, writ ref'd n.r.e.). However, citation is necessary
when the intervenor requests relief against a defendant who has not yet appeared. 
McWilliams, 476 S.W.2d at 950. When appellants filed their petition in intervention,
Monsanto had yet to be served by plaintiffs and appear as a party to the underlying
lawsuit. Because Monsanto was not a party to the underlying suit at the time
appellants' petition in intervention was filed, service of citation by appellants was
necessary. Id. Thus, appellants' May 18, 1995 attempted service on Monsanto's
counsel by certified mail, return receipt requested, was defective and invalid. 

 After May 18, 1995, appellants made no effort, under either Rule 21a or Rule
99, to serve Monsanto. Nor did appellants ever make any further attempt or effort to
serve Monsanto after Monsanto answered and appeared as a party to plaintiff's
underlying suit on July 7, 1995. Because appellants failed to serve Monsanto within
the limitations period, they had the burden to prove that they used due diligence in
procuring service upon Monsanto. Taylor, 4 S.W.3d at 65. Appellants' failure to
ever effect proper service constitutes a lack of due diligence. Id. We overrule appellants' first issue.

General Appearance

 In their second and third issues, appellants contend that even if Monsanto was
improperly served under Rule 21a, service of citation was unnecessary because
Monsanto waived any defects in service by making a general appearance in the trial
court. Appellants assert that Monsanto made a general appearance in the trial court
with its July 7, 1995 original answer to plaintiffs' underlying action. Alternatively,
appellants contend that Monsanto made a general appearance on June 5, 1997 when
it filed its motion for summary judgment. 

 Without notice via the required service of citation or a waiver thereof, nothing
short of a general appearance will confer upon the trial court jurisdiction over a
person. C.W. Bollinger Ins. Co. v. Fish, 699 S.W.2d 645, 655 (Tex. App.--Austin
1985, no writ). Under Rule 120, a defendant may, in open court, enter an appearance,
which has the same effect as if the citation had been duly issued and served by law. 
Tex. R. Civ. P. 120. Any intervening appearance to invoke the trial court's judgment
about a question other than the court's jurisdiction is a general appearance. 
Shapolsky v. Brewton, 56 S.W.3d 120, 140 (Tex. App.--Houston [14th Dist.] 2001,
no pet.). 

 Here, Monsanto neither received nor waived the required service. Monsanto's
answer to plaintiffs' original suit was directed specifically to those plaintiffs from
whom they had received proper service of citation. As discussed above, appellants
did not properly serve Monsanto. Thus, Monsanto did not waive appropriate service
by appellants simply because it answered the claim of the original plaintiffs. 
Monsanto's appearance was made in connection with the underlying suit, not with the
petition in intervention filed by appellants. See Seagraves, 45 S.W.2d at 783 (finding
no waiver where appearance connected with other suit). 

 Appellants' argument that Monsanto waived any defects in service by making
a general appearance on June 5, 1997 when it filed its motion for summary judgment
also fails. Although filing a motion for summary judgment invokes the trial court's
judgment about a question other than the court's jurisdiction, Monsanto's motion was
made after limitations had run. As in Seagraves, appellants cite no authority to
support their contention that a general appearance waives service of process where
limitations have run and there was a lack of due diligence in the procurement of
citation and service. Id. Accordingly, we hold that Monsanto did not waive proper
service by filing its motion for summary judgment after limitations had run and where
there was a lack of due diligence by appellants in the procurement of proper service. 

 We overrule appellants' second and third issues.

Conclusion

 We affirm the judgment of the trial court.


 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Jennings and Price. (4)

Publish. Tex. R. App. P. 47.4
1. The Brio/DOP Superfund site in question encompasses the Southbend subdivision located in southeast Houston, bounded by Dixie Farm Road, Scarsdale Boulevard, and Beamer Road.
2. Tex. R. Civ. P. 21a.
3. Tex. R. Civ. P. 99.
4. The Honorable Frank Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.