Kelly K. BAKER, et al., Petitioners,

v.

MONSANTO COMPANY, Respondent.

No. 02–0603.

Supreme Court of Texas.

July 3, 2003.

Rehearing Denied Aug. 21, 2003.

James B. Manley, James B. Manley, P.C., Pasadena, for Petitioner.

Phyllis J. Cohen, Jonathan B. Shoebotham, Porter & Hedges, LLP, Houston, for Respondent.

## PER CURIAM.

The issue before us is whether intervenors must serve citation on a defendant to stop the statute of limitations from running on their claims when the intervention is filed before the defendant has appeared to answer the plaintiffs' original petition. After the plaintiffs filed their original petition, but before the defendant was served, intervenors petitioned the court to intervene. Although intervenors promptly notified defendant's counsel of their intentions, they did not serve citation on the defendant. Two years later, defendant moved for summary judgment against the intervenors, asserting limitations. The trial court granted the motion, and the court of appeals affirmed that judgment. 77 S.W.3d 477. Because the summary judgment record does not establish that intervenors' claims are barred by limitations, we reverse the court of appeals' judgment and remand the case to the trial court.

On February 24, 1995, plaintiffs filed suit against Monsanto Co. and others alleging injuries arising from two toxic waste sites known as the Brio/DOP Superfund sites. On May 18, 1995, Kelly K. Baker and others filed their petition in intervention, delivering a copy by certified mail to the law firm of Woodard, Hall & Primm. Although Monsanto had not yet answered the plaintiffs' suit, this law firm was apparently identified as likely defense counsel because it already represented Monsanto in other on-going litigation over the Brio site. The law firm, however, did not respond to intervenors' claims except to say by letter that they would not accept service on Monsanto's behalf.

Plaintiffs subsequently served citation on Monsanto on June 25, 1995, and the same law firm filed an answer for the defendant on July 7, 1995. In an apparent attempt to avoid appearing generally for purposes of the intervention, the answer stated that it was "in answer to the petitions of those plaintiffs who have served Monsanto." The answer was not served on intervenors, and intervenors made no subsequent attempt to serve Monsanto before limitations ran.

On June 5, 1997, more than two years after the intervention, Monsanto moved for summary judgment, asserting that the intervenors' claims were barred by limitations because Monsanto had not been formally served with citation. The trial court granted the motion and subsequently severed the interventors' claims, making the summary judgment final. The court of appeals affirmed the summary judgment, concluding that Baker's attempted service by certified mail on Monsanto's counsel was invalid and thus had failed to toll limitations. 77 S.W.3d at 481–82. Relying on *McWilliams v. Snap–Pac Corp.*, 476 S.W.2d 941 (Tex.Civ.App.-Houston [1st Dist.] 1971, writ ref'd n.r.e.), the court concluded that intervenors had to serve Monsanto with citation because when intervenors "filed their petition in intervention Monsanto had yet to be served by plaintiffs and appear as a party to the underlying lawsuit." *Id.* at 480–81.

When *McWilliams* was decided, Texas Rule of Civil Procedure 60, the intervention rule, specifically referenced another rule regarding the filing and service of pleadings. Rule 60 then provided:

Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party; and such intervenor shall, in ac-

cordance with Rule 72, notify the opposite party or his attorney of the filing of such pleadings within five days from the filing of same.

In 1990, Rule 60 was amended to provide the following:

Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party.

Tex.R. Civ. P. 60. That same year the Court repealed Rule 72, and its surviving provisions moved to Rule 21. *See* Tex.R. Civ. P. 72 (repealed 1990), cmt. to 1990 change. Although the Court eliminated any reference to filing and service from Rule 60's text, our comment to the 1990 amendment confirms that we intended no substantive change. This comment provides that "Rules 21 and 21a control notice and service of pleadings of intervenors." Tex.R. Civ. P. 60, cmt. to 1990 change.

■ Typically, an intervention involves a claim against persons who have already appeared. Under these circumstances, the plea in intervention is properly served by any of the methods provided in Rule 21a. *See* 5 William V. Dorsaneo III, Texas Litigation Guide § 82.09 at 82–17 (2002). However, absent a subsequent appearance, service of citation is necessary against an original defendant when the intervenor seeks affirmative relief against a defendant who has not appeared at the time the intervention was filed. *Id.* The court of appeals concluded here that because Monsanto had yet to appear when the intervenors filed their pleadings, service of citation was required under *McWilliams.*

*McWilliams* merely stated that intervenors are required to serve citation on a defendant when that defendant fails to appear and answer the plaintiff's petition. *McWilliams,* 476 S.W.2d at 950. *McWilliams* also concluded that an intervenor must serve citation on any third-party de-

fendant it seeks to bring into the suit. *Id.* And if the intervenor's claim is against the plaintiff, it must serve citation on the plaintiff, if the plaintiff does not make any further appearance in the case after the intervention. *Id. McWilliams* quoted these principles from McDonald's Texas Civil Practice whose text remains substantially unchanged today. It provides:

Citation is necessary when the intervenor asks affirmative relief against a defendant who has not appeared or a plaintiff who does not, by any action subsequent to the intervention, appear thereon. It also is necessary as against any third party sought to be brought in by intervention. But parties before the court must take notice of the intervention when they are notified under Rule 21 and 21a. In accordance with the rule generally as to the necessity of serving process on the filing of a cross-claim where the defendant has appeared in the action, a defendant who has answered must answer an intervention seeking affirmative relief against him or her without awaiting further citation.

1 McDonald and Carlson, Texas Civil Practice § 5:81 at 609 (1992 ed.) (citations omitted).

■ If Monsanto had not later appeared, then delivering the petition in intervention by certified mail would have been ineffective to bring Monsanto within the jurisdiction of the court. However, Monsanto made a general appearance when it answered the plaintiffs' complaint on July 7, 1995. That appearance relieved the intervenors of the responsibility to serve Monsanto with citation, and the date on which limitations ceased to run was May 18, 1995, when the intervention was filed. *Cf. Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990) (filing of suit stops limitations if diligence is exercised in service). Monsanto's answer further did not ques-

tion the court's jurisdiction, and thus its appearance was not a limited one despite its attempt to restrict its answer only to "those plaintiffs who have served Monsanto." *See* TEX.R. CIV. P. 120a (special appearance). Any defect in the intervenors' service under Rule 21a was cured by that appearance. *Sullivan v. Doyle,* 108 Tex. 368, 194 S.W. 136, 137 (1917) (general appearance puts defendant "before the court for all purposes"); *see also* TEX.R. CIV. P. 121 (answer is appearance); *Perfect Union Lodge No. 10 of San Antonio v. Interfirst Bank of San Antonio,* 713 S.W.2d 391, 393 (Tex.App.-San Antonio 1986), *aff'd on other grounds,* 748 S.W.2d 218 (Tex.1988) (general appearance in action waives any defect in the manner of service). If Monsanto had any complaint about the intervenors' premature service under Rule 21a, its recourse was a motion to quash. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985) (motion to quash is appropriate device to object to procedural error in service).

Because Monsanto generally appeared in the case before limitations had run on intervenors' claims, intervenors' action was not barred, and the summary judgment rendered in this case was therefore erroneous. Accordingly, without hearing oral argument, we grant Baker's petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for further proceedings consistent with this opinion. TEX.R.APP. P. 59.1.

Justice SCHNEIDER did not participate in the decision.