COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-063-CV
 

  
TINA MARIE JAMES                                                              APPELLANT
 
V.
 
GRUMA CORPORATION                                                            APPELLEE
 
------------
 
FROM THE 236TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
Introduction
        This 
is an appeal from a take-nothing summary judgment rendered against appellant 
Tina Marie James in her premises liability suit against appellee Gruma 
Corporation (Gruma) and other defendants. In a single issue, James contends that 
the trial court erred in granting the summary judgment because a genuine issue 
of material fact exists as to whether she was diligent in serving Gruma after 
the expiration of the statute of limitations on her claim. We affirm.
Background Facts
        On 
May 17, 2001, James filed suit against her employer, Pioneer Security & 
Investigations Agency, Mission Foods Corporation (Mission), and Calidad Foods, 
Inc. (Calidad) for injuries she allegedly sustained on May 18, 1999 when 
performing security services at a facility she alleged was possessed and 
controlled by Mission or, alternatively, Calidad. Presumably, the statute of 
limitations on James’s claim ran on or about May 18, 2001. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002). The Tarrant 
County District Clerk issued citations for Mission and Calidad on May 21, 2001. 
After numerous attempts, James allegedly served Calidad on September 26, 2001 by 
delivering the citation and petition to “Patti Merito[,] Registered Agent for 
Mission Foods.” James attempted to serve CT Corporation System as Mission’s 
registered agent, but the company returned the attempted service because it was 
no longer Mission’s registered agent. The record does not show any subsequent 
service on Mission.
        On 
October 22, 2001, Gruma—the corporation that operated the facility where James 
was injured and whose offices were located at the same address as 
Calidad—filed a “Plea in Abatement and, Subject Thereto, Original Answer,” 
claiming that James had “served Gruma with a citation directed to Calidad” 
and that to the extent James had attempted to serve Gruma, she did not do so 
properly. Gruma also included a general denial, which was expressly made 
“[s]ubject to the . . . plea in abatement.” Although it appears from the 
record that the trial court never ruled on the plea in abatement, James actually 
served Gruma on August 21, 2002.
        Gruma 
filed a motion for summary judgment on October 2, 2002, contending that 
James’s claims against it were barred by the statute of limitations because 
she did not exercise reasonable diligence in serving Gruma or the other 
defendants before May 18, 2001, the expiration of the statute of limitations. 
The trial court granted Gruma’s motion, and on February 5, 2003, signed a 
take-nothing summary judgment in favor of Gruma that severed James’s claims 
against Gruma from her claims against Mission, Calidad, and Pioneer.
        In 
one issue on appeal, James contends summary judgment was improper because (1) 
Gruma’s plea in abatement constituted an answer and appearance that waived any 
complaints about defective service, (2) misnomer, misidentification, and assumed 
names as between Mission, Calidad, and Gruma permitted James to amend her 
pleadings to later name Gruma as a defendant even if such amendment occurred 
after the statute of limitations had run, and (3) James was diligent in 
attempting to serve process on all the defendants.
Standard of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met its 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 
1999); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 
S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell 
v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Evidence 
that favors the movant's position will not be considered unless it is 
uncontroverted. Great Am., 391 S.W.2d at 47.
        A 
defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense. KPMG 
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 
1999). To accomplish this, the defendant-movant must present summary judgment 
evidence that establishes each element of the affirmative defense as a matter of 
law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
        When 
a defendant moves for summary judgment on its affirmative defense of 
limitations, it must show that, as a matter of law, the plaintiff was not 
diligent in effecting service within the limitations period. Gant v. DeLeon, 
786 S.W.2d 259, 260 (Tex. 1990). James claims that Gruma failed to prove that as 
a matter of law she did not use diligence in serving Gruma and the other 
defendants.
Analysis
Diligence in Effecting 
Service
        In 
one of three subissues, James contends that she “acted as an ordinary prudent 
person . . . under the same circumstances in arranging for citations to be 
issued four days after the lawsuit was filed and was diligent in the repeated 
attempts to serve process following the expiration of the statute of limitations 
period.” The mere filing of a lawsuit within the limitations period is not 
sufficient; the defendant must also be served with process. Tarrant County v. 
Vandigriff, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied). 
However, the date of service relates back to the date of filing if the plaintiff 
exercised diligence in effecting service. Id. The standard of due 
diligence is the diligence an ordinarily prudent person would use under the same 
or similar circumstances. Id. at 925. The duty to use due diligence 
continues from the date suit is filed until the date the defendant is served. Parsons 
v. Turley, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. filed).
        Whether 
a plaintiff was diligent in serving the defendant is normally a question of 
fact, but if no excuse is offered for a delay or if the lapse of time coupled 
with the plaintiff’s acts conclusively negate diligence, lack of diligence 
will be found as a matter of law. Vandigriff, 71 S.W.3d at 925. A fact 
issue exists if the plaintiff gives a valid or reasonable explanation for the 
delay. Holstein v. Fed. Debt Mgmt., Inc., 902 S.W.2d 31, 36 (Tex. 
App.—Houston [1st Dist.] 1995, no writ). Here, after Gruma asserted 
the affirmative defense of statute of limitations, the burden shifted to James 
to show due diligence in effecting service. See id.
        The 
summary judgment record shows that James filed a First Amended Original Petition 
adding Gruma as a defendant on April 25, 2002, over six months after Gruma filed 
its plea in abatement. Instead of serving the amended petition on Gruma, James 
forwarded a copy to Gruma’s counsel. However, even assuming that this was 
sufficient to put Gruma on notice that it was being sued, James has not offered 
any explanation for the six month-delay in naming Gruma as a defendant and 
attempting service.
        James 
contends that despite her delay in serving Gruma, she was diligent in effecting 
service upon Calidad and Mission. Assuming James is asserting the equitable 
exception doctrine, she does not explain why diligence in attempting service on 
Mission and Calidad excuses her delay in serving Gruma. See Tex. R. App. P. 38.1(h); Knoll v. 
Neblett, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 
1998, pet. denied). Further, she offered no evidence to support the application 
of the doctrine. See McCord v. Dodds, 69 S.W.3d 230, 234-35 (Tex. 
App.—Corpus Christi 2001, pet. denied) (“This equitable exception to a 
limitations bar is narrowly limited to situations where the intended defendant 
and the defendant named in the petition are both entities with a business 
relationship.”); see also Gentry v. Credit Plan Corp., 528 S.W.2d 571, 
573-75 (Tex. 1975) (holding, based on considerable amount of evidence that party 
initially served was alter ego of party served after passage of limitations 
period, that service on alter ego tolled running of limitations period on 
subsequently served party).
Appearance as Waiver of 
Service
        James 
next contends that summary judgment was improper because Gruma’s plea in 
abatement constituted an answer and appearance in the suit; thus, Gruma waived 
any defect in service. See Alcala v. Williams, 908 S.W.2d 54, 56 (Tex. 
App.—San Antonio 1995, no writ); Schulz v. Schulz, 726 S.W.2d 256, 258 
(Tex. App.—Austin 1987, no writ). Gruma contends that James did not preserve 
this issue for review. However, James alleged in her response to Gruma’s 
motion for summary judgment that Gruma’s plea in abatement constituted an 
appearance in the suit and that Gruma entered the suit by filing the plea in 
abatement. Although James did not expressly allege that Gruma waived any 
complaint about defective service by appearing in the suit, this contention is 
apparent from the context of her response. See Tex. R. App. P. 33.1(a)(1)(A). Thus, we 
hold that she preserved this issue for review.
        A 
party’s general appearance in a suit does not waive service of process when 
the appearance occurs after the limitations period has run and the plaintiff has 
not used due diligence in serving the party. Seagraves v. City of McKinney, 
45 S.W.3d 779, 783 (Tex. App.—Dallas 2001, no pet.); Taylor v. Thompson, 
4 S.W.3d 63, 66 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
Gruma filed its plea in abatement on October 22, 2001, five months after James 
filed suit and after the expiration of the limitations period, for the purpose 
of asking the court for additional time to allow James to name and properly 
serve Gruma if she wished to do so. We have already determined that James 
did not present any summary judgment evidence showing that she was diligent in 
serving Gruma. Accordingly, we hold that Gruma’s plea in abatement filed after 
the statute of limitations had expired did not waive the running of the statute 
of limitations as to Gruma. See Seagraves, 45 S.W.3d at 783; Taylor, 
4 S.W.3d at 66.
Misnomer, 
Misidentification, and Assumed Names
        James 
further contends that misnomer, misidentification, and assumed names between 
Gruma, Calidad, and Mission permitted amendment of her pleadings to add Gruma as 
a defendant after the limitations period had expired. A misnomer occurs when the 
plaintiff misnames either herself or the correct defendant, but the correct 
parties are actually served. Diamond v. Eighth Ave. 92, L.C., 105 S.W.3d 
691, 695 (Tex. App.—Fort Worth 2003, no pet.). In misnomer cases, limitations 
is tolled and a later amendment of the petition relates back to the date of the 
original petition—primarily because the party intended to be sued has been 
served and put on notice that it is the intended defendant. Id.
        Misnomer 
is not applicable here. Nothing in the summary judgment record indicates that 
James intended to sue Gruma instead of Calidad. The facts of this case are 
similar to those of Diamond v. Eighth Avenue 92, L.C., in which the 
plaintiff, intending to sue the owner of Medical Plaza for premises liability, 
sued Health Care Corporation of America when the actual owner was Eighth Avenue 
92, L.C. Id. at 693. This court held that misnomer was not applicable 
because the appellant “did not merely misname the correct defendant, as 
contemplated by misnomer; she filed suit against and served the wrong entity 
entirely.” Id. at 695. Accordingly, we hold that the doctrine of 
misnomer cannot be used to relate back the date James filed the amended petition 
naming Gruma as a defendant to the date she filed her original petition.
        Misidentification 
occurs when two separate legal entities with similar names actually exist and 
the plaintiff sues the wrong one because she is mistaken about which entity is 
the correct defendant. Id. The theory of misidentification does not apply 
in this case. Calidad and Gruma, while separate legal entities, do not share 
similar names. Thus, misidentification does not apply.
        James 
further claims that she presented evidence raising a fact issue as to whether 
Gruma, Mission, and Calidad were operating under assumed names. James attached 
to her summary judgment response copies of records of the Texas Comptroller of 
Public Accounts showing that Calidad’s address was “1159 Cottonwood Ln 
Irving, TX 75038-6107“ and Gruma’s address was “1159 Cottonwood Ln Ste 200 
Irving TX 75038-6109.” She further points to (1) Gruma’s admission that it 
was operating the facility during the time James was injured, (2) the fact that 
she served Calidad through “Patti Merito[,] Registered Agent for Mission 
Foods” at Gruma’s address, and Merito notarized Gruma’s pleas in 
abatement, and (3) Gruma’s acknowledgment in its plea in abatement that James 
“served Gruma with a citation directed to Calidad,” as creating a fact issue 
on whether Gruma, Mission, and Calidad were operating under assumed names.
        There 
is no evidence in the record sufficient to create a fact issue as to whether 
Gruma, Calidad, and Mission were operating under assumed names. The summary 
judgment evidence shows that: Gruma is a Nevada corporation with a charter date 
of May 31, 1994; Mission is a California corporation with a charter date of May 
7, 1992; and Calidad is a Texas corporation with a charter date of June 30, 
1997. There is no evidence that any of the corporations has common ownership or 
control or that any of the corporations held itself out as or did business under 
the name of the others. The record does not indicate why James initially sued 
Mission and Calidad as opposed to Gruma. In addition, there is no evidence 
indicating why Merito accepted service on behalf of Calidad or whether she is a 
common officer or employee of both corporations. The summary judgment record 
shows at most that Calidad and Gruma are separate corporations with the same 
business address. This is not enough to create a fact issue as to whether Gruma 
operated under the name Calidad or Mission or vice versa.
Conclusion
        Having 
determined that James did not present any evidence to defeat Gruma’s 
entitlement to summary judgment on its affirmative defense of limitations, we 
overrule James’s sole issue on appeal. We affirm the trial court’s judgment.
 

  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE

 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and GARDNER, JJ.
 
DELIVERED: February 12, 2004