

NUMBER 13-16-00150-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ZULEIKA DRAGUSTINOVIS AND
ROSEMBRANDT GONZALEZ                                              Appellants,

v.

CENTROPLEX AUTOMOBILE
RECOVERY, INC., JOHN THOMPSON,
AND TREVOR LOVETT,                                                Appellees.

On appeal from the County Court at Law No. 2
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellants Zuleika Dragustinovis and Rosembrandt Gonzalez appeal the trial

court's granting of appellees Centroplex Automobile Recovery, Inc. (Centroplex), John

Thompson, and Trevor Lovett's traditional and no evidence motion for summary

judgment. By twelve issues which we have reorganized and renumbered as two with several sub-issues, appellants argue that the trial court erred: (1) in granting appellees' traditional motion for summary judgment on appellants' (a) Deceptive Trade Practices Act (DTPA) claims, (b) claims determined to be time barred, and (c) claims determined to have no casual connection between appellees' conduct and appellants' injuries; and (2) in granting appellees' traditional and no-evidence motions on (a) appellants' breach of warranty claims, (b) constructive fraud claims, (c) breach of fiduciary duty claims, (d) breach of peace claims that derived from the UCC, and (e) breach of contract claims. We affirm.

## I.    BACKGROUND

Appellants' car was repossessed by Ford Motor Credit Company[1] (Ford) on June 26, 2009. Centroplex was hired by Ford for its repossession services. On October 3, 2011, appellants filed their first petition with claims of violation of the Texas Deceptive Trade Practices Act (DTPA) and common law fraud, naming Ford and Centroplex as defendants; Thompson and Lovett were not named as defendants. In October of 2011, appellants unsuccessfully attempted service on Centroplex twice by mail to the same address. Appellants then amended their petition on July 31, 2012, naming the same defendants and including additional claims for violation of the Texas Debt Collection Act (TDCA), violation of the Uniform Commercial Code (UCC), invasion of privacy, conversion of personal property, breach of contract, trespass, assault, intentional infliction of emotional distress and unreasonable collection efforts. Again, appellants unsuccessfully

---

[1]Prior to this appeal, defendant Ford Motor Credit Company settled with appellants and is not a party to this appeal.

attempted service on Centroplex. Centroplex was subsequently served by Ford on May 29, 2013, after Ford brought Centroplex into the suit as a third-party defendant.

Each of the appellees filed their answer and affirmative defenses to Ford's third-party petition. On February 4, 2014, appellees jointly moved for summary judgment raising the defense of limitations, which was partially granted in an order from the trial court on April 17, 2014. The order granted summary judgment in favor of appellees on appellants' claims "for invasion of privacy, intentional infliction of emotional distress, breach of peace, conversion of personal property, trespass, assault and unreasonable collection efforts." By agreement of the parties, the order also granted appellants the right to "replead to specifically state the facts giving rise to their DTPA, Debt Collection Act and fraud claims . . . by April 21, 2014." On July 9, 2014, more than two months after the trial court's imposed deadline, appellants filed their "First Supplement to Plaintiffs' First Amended Original Petition in Response to Order Granting Third Party Defendants' Motion for Summary Judgment," which added Thompson and Lovett as defendants for the first time and included an additional claim for breach of fiduciary duty. Appellees filed an amended traditional and no-evidence motion for summary judgment, again raising the affirmative defense of limitations. The trial court granted the appellees' motion as to all claims. This appeal followed.

## II. MOTION FOR SUMMARY JUDGMENT

Appellants contend the trial court erred by granting appellees' traditional and no-evidence motion for summary judgment. In appellants' first issue as we have construed it, they argue that the trial court erred in granting appellees' traditional motion for summary judgment on their DTPA claims, claims determined to be time barred, and claims

3

determined to have no casual connection between appellees' conduct and appellants' injuries. In their second issue, appellants contend that the trial court erred in granting appellees' traditional and no-evidence motion for summary judgment on appellants' breach of warranty claims, constructive fraud claims, breach of fiduciary duty claims, breach of peace claims that derived from the UCC, and breach of contract claims. Appellees argue that all the claims raised by appellants are barred by limitations.

## A. Standard of Review

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 157. In reviewing a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157. When, as here, a defendant moves for traditional summary judgment on an affirmative defense, the defendant must conclusively establish each essential element of that affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 835 (Tex. App—Houston [1st Dist.] 2012, pet. denied). We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe*, 145 S.W.3d at 157.

It is an affirmative defense that a statute of limitations bars a claim. TEX. R. CIV. P. 94. Accordingly, appellees bore the burden of establishing as a matter of law that appellants' claims were time-barred. *See Mitchell*, 376 S.W.3d at 835.

## B. Applicable Law

4

Appellees argue that appellants' claims are all time barred because appellants did not serve appellees within the statute of limitations. If a plaintiff files suit before limitations, but effects service after limitations, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Brown v. Shores*, 77 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990) (per curiam)). To obtain summary judgment on the grounds an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *DeLeon*, 786 S.W.2d at 260. Lack of diligence may be shown as a matter of law based on unexplained lapses of time between the filing of the petition and service on the defendant. *Id*. Thus, when a defendant has affirmatively pleaded the defense of limitations and has shown, with summary judgment proof, that plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). Plaintiff's claim will be barred in the absence of some evidence explaining the delay in service of citation. *See id.*

**C.    Analysis**

There is no dispute that the incident made the basis of appellants' suit occurred on June 26, 2009, approximately thirty-two months prior to the filing of the original petition on October 3, 2011. In the order on the appellees' motion for summary judgment, the trial court dismissed appellants' claims for:  violation of the DTPA, breach of warranty, fraud, breach of fiduciary duty, violation of the TDCA, breach of peace/UCC violations, and breach of contract. Appellants' claims under the DTPA, breach of warranty, and breach of peace/UCC ran under the two-year statute of limitations on June 26, 2011. *See*

5

TEX. BUS. & COM. CODE ANN. §§ 17.565, 16.003 (West, Westlaw through 2017 1st C.S.). Appellants' claims for fraud, breach of fiduciary duty, violations of the TDCA, and breach of contract ran under the four-year statute of limitations on June 26, 2013. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.004, 16.051 (West, Westlaw 2017 through 1st C.S.).

Appellees' summary judgment proof reflects that appellants twice attempted service on Centroplex in October 2011, to the same address each time; both attempts were unsuccessful. Appellants next attempted service on Centroplex in October 2012 and November 2012. The record reflects that appellants also attempted service on Centroplex in April 2013. Appellants were not successful in any of their attempts at service. Appellants never attempted service on Lovett or Thompson.

### 1. Due Diligence

Whether the plaintiff was diligent in effecting service is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, lack of diligence will be found as a matter of law. *McCord v. Dodds*, 69 S.W.3d 230, 233 (Tex. App.—Corpus Christi 2001, pet. denied). According to the Texas Supreme Court, the plaintiff must not only file his petition but also exercise reasonable diligence in perfecting service. *One 1991 Chevrolet Blazer, Vin No. 1GNDT13Z4M2302305 v. State*, 905 S.W.2d 443, 444 (Tex. App.—Amarillo 1995, no writ) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970); *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628, 631 (1958)). Appellants argue that their five attempts over the course of eighteen months show due diligence in attempting to serve appellees. However, appellants do not point to having ever perfected service on appellees, nor do we find anything in the record indicating appellees were ever served by appellants.

6

Ultimately, appellees were brought into the suit and served as third-party defendants by third-party plaintiff Ford on May 29, 2013. The return of service indicates that appellees were served with "Citation with Third Party Petition" by "Royston Rayzor," attorneys for Ford; it does not indicate appellees received the original or any amended petitions filed by appellants.

Appellants argue that they were diligent in their attempts to serve appellees. Appellants note that prior to the initial service attempt, they downloaded the information for Centroplex as contained on the website of the Office of the Texas Secretary of State. Using this information, they attempted service on Centroplex twice in October 2011. However, even after amending their petition in July 2012, it was not until October 2012 that appellants next attempted to serve Centroplex, again unsuccessfully. Appellants did not perfect service, but rather Ford served Centroplex with its third-party petition in May 2013. Appellants offer no reasoning to explain the lack of service on appellees. Moreover, "several Texas courts have held that delays of more than a few months negate due diligence as a matter of law." *Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 11–12 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 168 (Tex. App.—Texarkana 1997, no writ)) (nine months); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (five months); *Butler v. Ross*, 836 S.W.2d 833, 835–36 (Tex. App.—Houston [1st Dist.] 1992, no writ) (five months); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 860 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (six months)). Accordingly, we conclude that appellants' inaction for twelve months and lack of effort to procure service over the

7

next six months conclusively negates diligence as a matter of law. *Sharp v. Kroger Texas L.P.*, 500 S.W.3d 117, 121 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## 2. Waiver of Service

Appellants argue that appellees waived the service requirement when they entered a general appearance. Appellee Lovett made his first appearance in the suit by filing his "Original Answer and Affirmative Defenses to Defendant Ford Motor Credit Company, LLC's Third Party Petition" on June 21, 2013. Appellees Centroplex and Thompson made first appearances in the suit by filing their "Original Answer and Affirmative Defenses to Defendant Ford Motor Credit Company, LLC's Third Party Petition" on July 19, 2013. All appellees included the affirmative defense of limitations against plaintiffs' claims.

A party's general appearance in a suit does not waive service of process when the appearance occurs after the limitations period has run and the plaintiff has not used due diligence in serving the party. *Seagraves v. City of McKinney*, 45 S.W.3d 779, 783 (Tex. App.—Dallas 2001, no pet.); *Taylor v. Thompson*, 4 S.W.3d 63, 66 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). We have already determined that appellants did not present any summary judgment evidence showing that they were diligent in serving appellees. Accordingly, we hold that appellee's answer to the third-party petitions filed after the statute of limitations had expired did not waive the running of the statute of limitations as to appellants. *See Seagraves*, 45 S.W.3d at 783; *Taylor*, 4 S.W.3d at 66.

## 3. Waiver of Limitations Defense

Appellants argue that appellees waived their defense of limitations by joining in the agreed "Order Granting Third Party Defendants' Partial Motion for Summary Judgment" which allowed appellants the opportunity to replead their DTPA and TDCA claims.

8

However, in order to agree to waive or not to plead the statute of limitations, "the agreement must be specific and for a pre-determined length of time." *See Duncan v. Lisenby*, 912 S.W.2d 857, 858 (Tex. App.—Houston [14th Dist.] 1995, no writ) (citing *American Alloy Steel, Inc. v. Armco, Inc.*, 777 S.W.2d 173, 177 (Tex. App.—Houston [14th Dist.] 1989, no writ)). Here, the appellees maintained their limitations argument in each of their motions for summary judgment. A general agreement to waive or not plead the statute of limitations on a particular obligation is void as against public policy. *Id*. Appellants point to no specific waiver of appellees limitations defense, nor does the record reflect any such waiver.

As such, the trial court did not err in rendering summary judgment in favor of appellees. Appellants' first and second issues, as we have renumbered them, are overruled.

### 4. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of February, 2019.

9