In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00050-CV
______________________________


JAMES MICHAEL O'DONALD, ON BEHALF
OF THE ESTATE OF ROSS EUGENE O'DONALD,
DECEASED, AND ALL WRONGFUL 
DEATH BENEFICIARIES, Appellant
Â 
V.
Â 
T. MICHAEL HILLIS, M.D.,
MALCOLM A. SMITH, M.D., AND
COLLOM & CARNEY CLINIC ASSOCIATION, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 01C1015B-005


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Ross, Carter, and Cornelius,* JJ.
Memorandum Opinion by Justice Ross
*William J. Cornelius, C.J., Retired, Sitting by Assignment


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â James Michael O'Donald, on behalf of the Estate of Ross Eugene O'Donald,
Deceased, and all wrongful death beneficiaries, has appealed from a judgment purportedly
rendered in favor of Texarkana Memorial Hospital, d/b/a Wadley Regional Medical Center
(Hospital), T. Michael Hillis, M.D., Malcolm A. Smith, M.D., and Collom & Carney Clinic
Association in trial court cause number 01C1015-005. Three of the appellees, Hillis,
Smith, and Collom & Carney Clinic, have filed a motion seeking to dismiss the appeal
against them for want of jurisdiction. 
Â Â Â Â Â Â Â Â Â Â In the underlying lawsuit, on January 5, 2004, the trial court granted Hillis, Smith,
and Collom & Carney Clinic's motion for summary judgment. The court also severed the
claims against those defendants and assigned the severed litigation a new cause number,
01C1015B-005.
Â Â Â Â Â Â Â Â Â Â An appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). This includes concluded matters that are severed,
because those matters are then final. See Baker v. Monsanto Co., 111 S.W.3d 158 (Tex.
2003). 
Â Â Â Â Â Â Â Â Â Â The notice of appeal filed October 29, 2004, timely perfected appeal from the
judgment in the original case, signed October 1, 2004. However, in that case, only the
Hospital remained as a defendant. O'Donald did not timely perfect his appeal in the
summary judgment rendered in favor of Hillis, Smith, and Collom & Carney Clinic, which
became final on severance. 
Â Â Â Â Â Â Â Â Â Â The motion is granted. We order the appeal against Hillis, Smith, and Collom &
Carney Clinic severed from that of the Hospital, and we assign it to cause number 06-05-00050-CV. The appeal against the Hospital will retain the original cause number, 06-04-00121-CV.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal in cause number 06-05-00050-CV. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â March 29, 2005
Date Decided:Â Â Â Â Â Â Â Â Â March 30, 2005





 UnhideWhenUsed="false" Name="Colorful Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00159-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAVID SCOTT DANIELS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 402nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Wood County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 20,064-2008

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ  OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  David
Scott Daniels appeals the revocation of his community supervision.Â  In the underlying conviction, he pled guilty
to unauthorized use of a motor vehicle.Â  Tex. Penal Code Ann. Â§ 31.07 (Vernon
2003).Â  He was placed on five yearsÂ
community supervision.Â  Revocation
proceedings were brought and Daniels pled true to a violation of his terms of community
supervision (and not true to several other allegations).Â  His community supervision was revoked and he
was sentenced to one year in a state-jail facility.

Â Â Â Â Â Â Â Â Â Â Â  DanielsÂ
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.Â  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief and a letter to Daniels on December 21, 2010,
informing Daniels of his right to file a pro se response and of his right to
review the record.Â  Counsel has also
filed a motion with this Court seeking to withdraw as counsel in this
appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  Daniels
filed a pro se response on February 2, 2011.Â 
In his response, he complains about the evidence supporting the
underlying conviction and about a perceived level of confusion in the
prosecution of the case at the trial court. Â We point out that this appeal is not taken
from the underlying conviction. Â Any
complaint about that proceeding would have had to be raised in an appeal from
the conviction.Â  The only proceeding
before this Court on appeal is the revocation and subsequent sentencing. 

Â Â Â Â Â Â Â Â Â Â Â  We
have determined that this appeal is wholly frivolous. Â We have independently reviewed the clerkÂs
record and the reporterÂs record, and we agree with counselÂs assessment that
no arguable issues support an appeal.Â  See Bledsoe v. State, 178 S.W.3d 824,
826Â27 (Tex. Crim. App. 2005).Â  

Â Â Â Â Â Â Â Â Â Â Â  In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.Â  See Anders, 386 U.S. 738.Â Â  We
affirm the judgment of the trial court.[1]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  February
4, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  February
8, 2011

Â 

Do Not Publish











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counselÂs request to
withdraw from further representation of Daniels in this case.Â  No substitute counsel will be appointed.Â  Should Daniels wish to seek further review of
this case by the Texas Court of Criminal Appeals, Daniels must either retain an
attorney to file a petition for discretionary review or Daniels must file a pro
se petition for discretionary review.Â 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.Â  See Tex.
R. App. P. 68.2.Â  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.Â  See Tex.
R. App. P. 68.3.Â  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.Â  See Tex.
R. App. P. 68.4.