**Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed October 5, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00636-CV

---

## KOMERICA POST, LLC AND DONGWOOK YANG, Appellants

## V.

## JAI SUNG BYUN AND AESUK KIM BYUN, Appellees

---

### On Appeal from the 295th District Court
### Harris County, Texas
### Trial Court Cause No. 2016-12612

---

### MEMORANDUM OPINION

Appellees Jai Sung Byun and Aesuk Kim Byun (together, the "Byuns") sued Appellants Komerica Post, LLC and Dongwook Yang (together, "Komerica") for defamation. Following a jury trial, the trial court signed a final judgment in accordance with the jury's verdict in favor of the Byuns. Komerica appeals the judgment raising numerous issues on appeal. We affirm in part and reverse and remand in part.

## BACKGROUND

Komerica Post, LLC is a Korean language newspaper and Yang is its managing editor/editor-in-chief. After Komerica published articles containing statements regarding Jai Sung Byun's ("Jai") education and criminal history and that his wife Aesuk Jai Sung Byun ("Aesuk") had several children out of wedlock, Jai sued Komerica for defamation in February 2016. On May 2, 2016, Komerica filed its original answer and a motion to dismiss the defamation claim pursuant to the Texas Citizens Participation Act (the "TCPA"). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011. On May 13, 2016, Jai filed an amended petition to add an allegation of defamation based on statements Komerica published regarding adultery; Jai also filed his response to Komerica's motion to dismiss.

In June 2016, the trial court granted in part Komerica's motion to dismiss the defamation claim to the extent the claim was based on Komerica's statements regarding Jai's criminal history and education and that Aesuk had children out of wedlock. The trial court specifically stated that its ruling did not address Jai's defamation claim premised on Komerica's statement that he committed adultery. In July 2016, Komerica filed its Second Motion to Dismiss asserting it did not publish a statement that Jai committed adultery.

In September 2016, Jai filed a second amended petition adding a defamation claim on behalf of Aesuk based on the statement published by Komerica that it appears Aesuk had children out of wedlock. In response and almost two years later, Komerica filed a first amended answer in June 2018. In the meantime, the trial court denied Komerica's Second Motion to Dismiss on October 4, 2016. The motion addressed only Jai's defamation claim premised on Komerica's statements that he committed adultery. Komerica never filed a motion to dismiss Aesuk's defamation claim based on Komerica's statement that Aesuk had children out of

2

wedlock.

In December 2016, Komerica's counsel Kristopher Ahn withdrew as counsel but intervened in the case in February 2017 seeking to recover attorney's fees from Komerica for his representation. The trial court denied Intervenor's Motion for Attorney's Fees in March 2019. Komerica was represented by new counsel after Ahn's withdrawal. On June 7, 2019, Ahn filed a designation of attorney, informing the court that he again is representing Komerica in the case.

Shortly before trial was scheduled to commence, Komerica filed numerous pleas including a (1) "Plea in Bar" as to Aesuk's claim asserting, among other things, that she did not properly serve Komerica with process; (2) special appearance and plea to the jurisdiction asserting that, because Aesuk did not properly serve Komerica with process, the trial court lacked jurisdiction over Komerica with respect to her claim; (3) "First Amended Plea in Bar"; (4) "Second Amended Plea in Bar"; (5) "First Supplemental Plea in Bar"; (6) verification in support of its special appearance; and (7) second "First Supplemental Plea in Bar". Komerica also filed a trial brief on res judicata, arguing the Byuns' claims were barred by the trial court's earlier rulings.

In response, the Byuns moved for sanctions against Komerica. On September 27, 2019, the trial court first held a hearing, among other things, on Komerica's pleas and the Byuns' sanctions motion. The trial court signed two orders with respect to Komerica's pleas. In one order, the trial court stated that Komerica's special appearance was "a motion complaining of lack of service"; concluding this argument was waived because Komerica made a general appearance in the case, the trial court denied Komerica's special appearance. In the "Order on [Komerica's] Pleas in Bar, Plea to the Jurisdiction, Alleged Special Appearance and Request for Sanctions," it (1) denied Komerica's requested relief

and concluded that Komerica's "numerous pleas were filed for purposes of delay and harassment"; and (2) assessed against Komerica and its attorney $1,500 in sanctions.[1]

The jury trial proceeded over the next few days. After hearing the evidence presented at trial (including testimony from the Byuns and Yang), the jury returned a verdict in favor of the Byuns on October 3, 2019. The jury found that Komerica published defamatory statements relating to the Byuns and awarded them damages.

On August 2, 2021, Komerica filed a motion for judgment notwithstanding the verdict. That same day, the trial court signed a final judgment in accordance with the jury's verdict.[2] In the judgment, the trial court also incorporated its prior sanctions award and ordered Komerica to pay the Byuns "$1,500.00 as sanctions and $950.00 in reasonable and necessary attorneys' fees, resulting from this Court's Order on Defendants' Pleas in Bar, Plea to the Jurisdiction, Alleged Special Appearance and Request for Sanctions, signed on October 2, 2019."

On September 1, 2021, Komerica filed a motion for new trial to which the Byuns filed a response. Komerica filed a second motion for new trial on October 11, 2021. The trial court denied the motion for new trial. Komerica filed a timely notice of appeal.

---

[1] Komerica filed an interlocutory appeal pursuant to section 51.014 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. This court issued its opinion on May 6, 2021, in which we (1) dismissed for lack of jurisdiction Komerica's interlocutory appeal with respect to the trial court's (a) "refusal to rule" on Komerica's no-evidence summary judgment motion, and (b) order assessing sanctions against Komerica and its attorney; and (2) affirmed the trial court's denial of Komerica's special appearance. *Komerica Post, LLC v. Byun*, No. 14-19-00764-CV, 2021 WL 1804512, at *2-3 (Tex. App.—Houston [14th Dist.] May 6, 2021, no pet.) (mem. op.).

[2] The trial proceedings had been stayed during the pendency of the interlocutory appeal in this court.

4

On appeal, Komerica presents the following six issues:

1.  Whether Mrs. Byun's claims are barred by one-year statute of limitation.
2.  The jury verdict and final judgment are supported by insufficient evidence.
3.  Whether Mr. And Mrs. Byun's actions constitute a strategic lawsuit against public participation.
4.  Whether "malice" is a required finding by the jury verdict.
5.  Whether the trial court erred in awarding sanctions against Defendants for filing pleas and motions.
6.  Whether the trial court should award attorney's fees under TCPA.

We address each issue in turn.

## I.     Statute of Limitations

In its first issue, Komerica argues that Aesuk's defamation claim is barred by the one-year statute of limitations for defamation claims and should have been dismissed because Aesuk failed to "request a citation to be issued and have it served with a copy of the original petition on each of the Defendants to complete the service of process" within one year of when Komerica published the alleged defamatory statements.  According to Komerica, Aesuk should have served a new citation on Komerica no later than December 30, 2016, because the Byuns' second amended petition asserted that Komerica made the alleged defamatory statements about Aesuk on that date.  We disagree because Aesuk was not required to procure citation and service when Komerica had appeared and filed an answer in the suit.

This court has long recognized the rule in this state that a defendant who has been served but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment of him.  *Arce v.*

*Burrow*, 958 S.W.2d 239, 257 (Tex. App.—Houston [14th Dist.] 1997), *rev'd in part on other grounds*, 997 S.W.2d 229 (Tex. 1999). Additionally, we recognized that if a defendant has pleaded to the action or otherwise entered an appearance, "he is before the court for all purposes and is charged with notice of all amendments thereafter filed, and new citation is not necessary." *Id.*

We stated that "even as long ago as 1883, Texas courts have held that a defendant who is in court by reason of having filed an answer is not entitled to service of new process after an amendment of the plaintiff's petition even if the amendment brings new parties into the case." *Id.* We specifically found that if the plaintiff amends his original petition to add the name of an additional plaintiff, it does not constitute a new cause of action requiring additional service of process. *Id.* at 257-58.

We also note that the supreme court concluded that when a defendant already appeared, an intervenor was not required to serve the defendant with citation and, thus, the date on which the statute of limitations ceased to run was the date the intervention was filed. *See Baker v. Monsanto Co.*, 111 S.W.3d 158, 159-60 (Tex. 2003) (per curiam).

In this case, Komerica answered the original petition and, thus, was bound to take notice of the pleading that added Aesuk as an additional plaintiff in September 2016. *See Arce*, 958 S.W.2d at 258. Aesuk was not required to procure citation and service when Komerica had appeared and filed an answer in the suit. *See id.* at 257-58; *see also Baker*, 111 S.W.3d at 159-60. Further, the amended petition adding Aesuk as a plaintiff in September 2016 was filed within one year of when the defamatory statements were alleged to have been published in December 2015. The statute of limitation had not run at the time Aesuk was added as plaintiff. Accordingly, we overrule Komerica's first issue.

6

## II.    Sufficiency of the Evidence

In its second issue, Komerica contends the evidence is legally insufficient to support the jury's "yes" answers to Jury Question 1 because the defamatory statement alleging Jai committed adultery was not published in an article on December 30, 2015.  Question 1 states as follows:

> **Question 1**
>
> Did Defendants publish the following on or about December 30, 2015:
>
> > "In addition, there are reports that when President Byun announced his candidacy for the President of KAAH, a woman came to the news media claiming that he was not fit to be the president of KAAH, disclosing her relationship with him in detail."
>
> "Publish: means intentionally or negligently to communicate the matter to a person other than Jai Sung Byun who is capable of understanding its meaning.["]
>
> > Answer "Yes" or "No"
> >
> > Dongwook Yang                                   ANSWER: <u>Yes</u>
> >
> > Komerica Post LLC                            ANSWER: <u>Yes</u>

Komerica contends because the defamatory statement was not published on December 30, 2015, but was published in the newspaper on May 7, 2015, the evidence is insufficient to support the jury's "yes" answers.

In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the appealed judgment and indulge every reasonable inference that supports it.  *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *Dessens v. Argeroplos*, 658 S.W.3d 438, 445 (Tex. App.—Houston [14th Dist.] 2022, no pet.).  The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review.  *City of Keller*, 168 S.W.3d at 827; *Dessens*, 658 S.W.3d at 445.  This court must credit

7

favorable evidence, if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *City of Keller*, 168 S.W.3d at 827; *Dessens*, 658 S.W.3d at 445. The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819; *Dessens*, 658 S.W.3d at 445.

This court may sustain a legal sufficiency challenge only if the record reveals one of the following: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810; *Dessens*, 658 S.W.3d at 445-46. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is less than a scintilla and, in legal effect, is no evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Dessens*, 658 S.W.3d at 446.

The elements of a defamation claim are (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding); *Steinhaus v. Beachside Env't, LLC*, 590 S.W.3d 672, 676-77 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

The date of publication of a defamatory statement is not an element of the cause of action. The date might have been material if statute of limitations had been an issue with regard to Jai's defamation claim, but it was not. Thus, the December date is an irrelevant term in the jury question. Question 1 asked the jury to determine the publication element, *i.e.*, to determine whether Komerica

8

*published* the alleged defamatory statement. Because there is no statute of limitations issue with regard to Jai's defamation claim, the "on or about December 30, 2017" language is unimportant to the jury's finding of the element of publication in Question 1. Therefore, any lack of evidence that the publication did not occur on or about December 30, 2015 does not render the evidence insufficient to support the jury's finding of publication in Question 1.

Additionally, Jai testified at trial that Komerica published the statement in Question 1 on April 30, 2015. Komerica then published a "correction" on May 7, 2015, but only with regard to the time when the alleged relationship with the woman occurred; there was no retraction of the statement that Jai had the relationship with the woman. Jai confirmed that Komerica "published a correction to say the story about the woman who said she had had an improper relationship with [Jai] didn't happen when [he] w[as] candidate for president, it happened two or three years ago." Jai also testified that Komerica published a substantially similar statement as the one contained in Question 1 on December 17, 2015. In that article, Komerica stated that the woman disclosed her relationship with Jai in detail and claimed that "because of the relationship, Mr. Byun should not be the head of organization."

Because (1) the evidence shows Komerica published a substantially similar defamatory statement on December 17, 2015, and (2) that is a date close to "on or about December 30, 2015", there is sufficient evidence to support the jury's "yes" answers. Accordingly, we overrule Komerica's second issue.

## III.    Motion to Dismiss

In its third issue, Komerica asserts the trial court erroneously denied its second motion to dismiss pursuant to the TCPA because (1) the statements Komerica published are not defamatory; (2) Komerica exercised ordinary care in

publishing the complained-of statements; (3) Jai failed to prove that the complained-of statements were false; and (4) Komerica is shielded by a proceedings privilege.

The TCPA protects citizens from retaliatory lawsuits that aim to hinder the exercise of First Amendment freedoms. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *In re Lipsky*, 460 S.W.3d at 586. To further this end, the TCPA establishes a mechanism for the dismissal of legal actions that impede a party's exercise of the right of free speech, the right to petition, or the right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131-32 (Tex. 2019).

The TCPA prescribes a three-step process. First, the burden is on the movant to show by a preponderance of the evidence that the challenged claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). If the movant meets this burden, the claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *See id*. § 27.005(c). But even if this showing is made, the court nonetheless must dismiss a legal action if the movant establishes an affirmative defense that entitles it to judgment as a matter of law. *See id*. § 27.005(d). The trial court's application of this process is subject to a *de novo* review. *Hart v. Manriquez Holdings, LLC*, 661 S.W.3d 432, 437 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

## A. Defamatory Statements

Komerica contends that Aesuk erroneously interpreted the published statement "[i]t appears that Byun has no dependent family members while his wife Mrs. Byun has 3-4 children, which seems strange" to be defamatory because the

plain reading of the statement does not accuse Aesuk of adultery. Komerica claims the statement is not reasonably capable of a defamatory meaning and was not directed at her.

However, Komerica's second motion to dismiss, filed in July 2016, did not address the above statement which the Byuns alleged in September 2016 in their second amended petition was defamatory. The second motion to dismiss only asked the trial court to dismiss Jai's defamation claim because he pleaded that Komerica falsely reported he committed adultery when "[n]o such allegation was published." Komerica did not file a motion to dismiss Aesuk's defamation claim. Because Komerica never moved to dismiss Aesuk's defamation claim with regard to the above statement, Komerica cannot now complain that the trial court committed error denying the second motion to dismiss. *See* Tex. R. App. P. 33.1(a) (to preserve a complaint for appellate review, there must be a timely request, objection, or motion with sufficient specificity to make a trial court aware of the complaint); *Scott v. Scott*, No. 14-21-00077-CV, 2022 WL 4553336, at \*12 (Tex. App.—Houston [14th Dist.] Sept. 29, 2022, no pet.) (mem. op.). Komerica's complaint is without merit.

Although it is unclear why, Komerica also mentions statements it published regarding Jai's criminal history and education and that Aesuk had children out of wedlock. To the extent Komerica points to these statements to complain that the trial court erred in denying its second motion to dismiss, such complaint is moot because the trial court already granted Komerica's first motion to dismiss Jai's defamation claim based on these statements.

## B.     Ordinary Care

Komerica next argues there is insufficient evidence to support the jury's finding that it failed to exercise ordinary care before it "published the disputed

11

article" because it sent Jai an email "giving him an opportunity to respond to the allegations," but he refused. Komerica seemingly conflates a sufficiency challenge to the jury's verdict with a challenge to the trial court's denial of its pretrial second motion to dismiss. Even so, Komerica waived its complaint because it failed to properly brief it. *See* Tex. R. App. P. 38.1(i). The Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See id*. Komerica has provided neither citations to the record nor appropriate authorities to support its contentions.

## C.     Falsity

Komerica also asserts that because it is a media defendant, Jai had the burden to "prove the defamatory statements were false when the statements were made by a media defendant over a public concern." Komerica asserts Jai "was unable [to] prove and did not prove that the alleged statements were false" stating, "[i]n fact, Mr. Byun has failed to provide any evidence to show that the alleged defamatory statement appeared in the December 31, 2015, article. As such, the verdict and the judgment is not supported by evidence."

Although Komerica states that its third issue constitutes a challenge of the trial court's denial of the second motion to dismiss, its argument regarding falsity seems to actually be a legal sufficiency challenge of the jury's verdict. In any event, Komerica's complaint is unavailing.

First, we note that Komerica does not specify which "alleged statements" Jai was unable to prove were false. However, since Komerica in its third issue only mentions the published statements relating to Jai's criminal history and education and that Aesuk had children out of wedlock, we assume those are the "alleged statements" Komerica asserts Jai failed to prove were false. Yet, the trial court

12

already dismissed Jai's defamation claim with respect to these statements and any sufficiency argument relating to these statements is irrelevant because Komerica already received the relief it requested.

Second, to the extent Komerica is referring to the statement that Jai committed adultery, Jai testified that he never committed adultery. Thus, there is legally sufficient evidence from which the jury could have concluded that Jai proved the statement he committed adultery is false. *See City of Keller*, 168 S.W.3d at 819, 822 (in conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the verdict and the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony).

Third, with regard to Komerica's assertion that Jai "did not prove that the alleged statements were false" because he "failed to provide any evidence to show that the alleged defamatory statement appeared in the December 31, 2015, article", we already rejected that assertion in issue two.

### D. Proceedings Privilege

Komerica further claims the trial court should have granted its second motion to dismiss because Komerica is shielded from liability by the public meeting proceedings privilege.

Texas grants a qualified privilege to media defendants publishing defamatory statements first raised in proceedings of a public meeting, provided the statements are "fair, true, and impartial." *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.002(a), (b)(1)(D); *see also Klentzman v. Brady*, 456 S.W.3d 239, 252 (Tex. App.—Houston [1st Dist.] 2014), *aff'd*, 515 S.W.3d 878 (Tex. 2017); *Tex. Monthly, Inc. v. Transamerican Nat. Gas Corp.*, 7 S.W.3d 801, 805 (Tex. App.— Houston [1st Dist.] 1999, no pet.). Civil Practice and Remedies Code section

13

73.002(a), (b)(1)(D) provides:

> (a) The publication by a newspaper or other periodical of a matter covered by this section is privileged and is not a ground for a libel action. This privilege does not extend to the republication of a matter if it is proved that the matter was republished with actual malice after it had ceased to be of public concern.
>
> (b) This section applies to:
>
> > (1) a fair, true, and impartial account of:
> >
> > > (D) the proceedings of a public meeting dealing with a public purpose, including statements and discussion at the meeting or other matters of public concern occurring at the meeting.

Tex. Civ. Prac. & Rem. Code Ann. § 73.002(a), (b)(1)(D).

Here, Komerica did not publish "an account . . . of the proceedings of a public meeting dealing with a public purpose, including statements and discussion at the meeting or other matters of public concern occurring at the meeting." Therefore, the qualified privilege in section 73.002 did not shield Komerica from liability, and the trial court did not err in denying Komerica's second motion to dismiss. Accordingly, we overrule Komerica's third issue.

## IV. Malice

In its fourth issue, Komerica contends the jury failed to find Komerica acted with actual malice because the jury charge did not contain a proper question on the requisite degree of fault. Komerica contends the jury was required to find by clear and convincing evidence that Komerica acted with actual malice when it published the alleged defamatory statement because Jai admitted he is a public figure requiring a jury finding of malice.

Contrary to Komerica's assertion, the jury charge did contain a question and instructions on the requisite degree of fault Jai was required to prove as a public

14

figure. Question 3 had substantially similar wording for the actual malice degree of fault as provided in the Texas Pattern Jury Charge. *See* State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance & Employment* PJC 110.6 (2018). And by answering "yes", the jury found that Jai proved by clear and convincing evidence that Komerica acted with actual malice when it published the alleged defamatory statement about him.

Accordingly, we overrule Komerica's fourth issue.

## V. Sanctions Award

In its fifth issue, Komerica argues the trial court abused its discretion in awarding sanctions pursuant to Texas Rule of Civil Procedure 13 against Komerica for filing pleas.

The decision to impose a sanction is left to the discretion of the trial court and will be set aside only upon a showing of abuse of discretion. *K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 96 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The trial court is given the broadest discretion in imposing such sanctions and in choosing the appropriate sanctions. *Clark v. Bres*, 217 S.W.3d 501, 512 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or whether under the circumstances of the case, the trial court's action was arbitrary or unreasonable. *Id*. at 512-13; *see also Cronin*, 633 S.W.3d at 96.

In deciding whether an award of sanctions constitutes an abuse of discretion, we examine the entire record, reviewing the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment. *See Cronin*, 633 S.W.3d at 96. We will not find an abuse

of discretion in awarding sanctions if some evidence supports the trial court's decision. *Roach v. Ingram*, 557 S.W.3d 203, 229 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Although Komerica claims that the trial court imposed sanctions pursuant to Rule 13, the trial court's judgment does not reference any rule or statute pursuant to which it imposed sanctions. In its October 2, 2019 sanctions order, the court stated it "grants Plaintiffs' Request for Sanctions in the amount of $1,500 against Counsel for Defendants and Defendants jointly and severally. The Court finds that Defendants' numerous pleas were filed for purposes of delay and harassment." In its final judgment, the trial court stated:

> Prior Sanctions Awarded: The Court further orders Defendants Komerica Post, LLC and Dongwook Yang, jointly and severally, to pay to Plaintiffs Jai Sung Byun and Kim Aesuk Byun $1,500.00 as sanctions and $950.00 in reasonable and necessary attorneys' fees, resulting from this Court's Order on Defendants' Pleas in Bar, Plea to the Jurisdiction, Alleged Special Appearance and Request for Sanctions, signed on October 2, 2019.

Nonetheless, Komerica solely relies on Rule 13 to challenge the court's sanctions award. In that regard, Komerica fails to provide appropriate citations to the record and a clear and concise argument as required by Texas Rule of Appellate Procedure 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). *See* Tex. R. App. P. 38.1(i). Even assuming the trial court imposed sanctions pursuant to Rule 13 and Komerica did not waive its sanctions challenge, Komerica's challenge is without merit.

To impose sanctions under Rule 13, the proponent must establish that the challenged pleading, motion, or other paper was groundless and brought (1) in bad faith or (2) for purposes of harassment. *See* Tex. R. Civ. P. 13. A pleading,

16

motion, or other paper is groundless when it has no basis in law or in fact. *Cronin*, 633 S.W.3d at 95; *see* Tex. R. Civ. P. 13. "'Groundless' for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ. P. 13.

Here, Komerica filed Defendants' Plea in Bar on the eve of trial on September 25, 2019, making several conclusory pronouncements that were generally not supported by authorities.[3] On that same day, Komerica filed Defendants' Special Appearance and subject thereto, Plea to Jurisdiction in which it reproduced the statements it already had made in its plea in bar, only adding the heading: "Want of In Personam Jurisdiction. Defendants claim this Honorable Court lacks the personal jurisdiction to determine the controversy related to Plaintiff Ae Suk Byun, because said Plaintiff has failed to serve the Defendant with process." On September 26, 2019, Komerica filed a First Amended Plea in Bar, which was identical to its Plea in Bar except that it added: "Res Judicata. The second statement alleged by the Plaintiff to be defamatory was dismissed by this Court by its order on June 21, 2016. As such, Plaintiffs may not claim damages on a claim that was previously dismissed."

---

[3] In the Defendants' Plea in Bar, (1) under the "Special Appearance" heading, Komerica stated that "Komerica . . . has entered [a] special appearance to file this Plea in Bar as to Ae Suk Byun's claims"; (2) under the "Absence of Evidence" heading, Komerica stated there is no evidence that the alleged defamatory statements were published on December 30, 2015; (3) under the "Statute of Limitations" heading, Komerica stated that "[i]n the event that Paragraph 9 of the second Plaintiffs First Amended Original Petition that was filed refers to a previously published article, Plaintiffs claims are subject to one year statute of limitation"; (4) under the "No Service of Process" heading, Komerica stated that when Aesuk was added to the suit, "she requested no citation and none were issued. No process was served upon any Defendant and statute of limitation has now tolled"; (5) under the "Due Process" heading, Komerica stated that "[a]s a matter of due process, before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"; and (6) under the "No Waiver" heading, Komerica stated that "[n]one of the Defendants' pleadings have accepted or otherwise waived service of process as to Plaintiff Ae Suk Byun."

The morning of trial on September 27, 2019, Komerica filed a Second Amended Plea in Bar, which was identical to its First Amended Plea in Bar except that it deleted the statements regarding res judicata. Before commencing trial that day, the court heard the Byuns' sanctions motion, and the parties presented their respective arguments. Later in the day, Komerica filed a First Supplemental Plea in Bar, in which it for the first time claimed that (1) Aesuk "had to 'bring suit' within one year limitations period" which "requires the plaintiff to not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process"; and (2) because Aesuk "never requested that a citation be issued," her claim is barred by the statute of limitations. None of the authorities Komerica cited supported its assertion. On September 30, 2019, Komerica filed a trial brief on res judicata. It also filed another First Supplemental Plea in Bar, which was identical to the one it had filed earlier.

In its appellate brief, Komerica states "[t]he pleas were filed because Ae Suk Byun never properly served Defendants with process and, if the service of process was deemed waived, the statute of limitation warranted the cause to be dismissed." This statement appears to be Komerica's argument that the numerous pleas it filed were not groundless and filed for the purpose of harassment and the trial court, therefore, should not have awarded sanctions against Komerica.

However, Komerica did not argue until its first supplemental plea in bar after it already had filed three pleas in bar and a plea to the jurisdiction that Aesuk's defamation claim is barred by a one-year statute of limitations because she did not serve a new citation on Komerica. Further, Komerica does not explain why it did not make this argument in any of its earlier pleas. Additionally, Komerica does not explain how its supplemental plea was based in law or fact as required by Rule 13 when it cited no applicable authority in support of its contentions therein.

Moreover, Komerica does not articulate in its brief how the several other pleas it filed (and the arguments therein) were based in law or fact and not made for purposes of harassment. Komerica does not address, let alone demonstrate that the numerous contentions in its other filed pleas were not groundless when it cited no applicable authority to support them. Nor does Komerica demonstrate that the six pleas it filed one after another in a matter of days shortly before trial was to commence were not filed for purposes of harassment. Komerica provides no reason for why it could not have presented the arguments contained in its six pleas earlier, like for example at the time it filed its summary judgment motion in June 2019, but waited until the eve of trial.

After examining the record in the light most favorable to the trial court's ruling, we cannot conclude that the trial court abused its discretion in awarding sanctions against Komerica. Accordingly, we overrule Komerica's fifth issue.

## VI.  Attorney's Fees

In its sixth issue, Komerica complains the trial court erroneously denied it an attorney's fees award because the TCPA mandates the court to award attorney's fees to the moving party when granting the moving party's motion to dismiss.

If a court orders dismissal of an action under the TCPA, it must award to the movant court costs and reasonable attorney's fees incurred in defending against the legal action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1); *Sanchez v. Striever*, 614 S.W.3d 233, 247-48 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Because the trial court granted Komerica's first motion to dismiss the defamation claim based on Komerica's statements regarding Jai's criminal history and education and that Aesuk had children out of wedlock, the court was required to award Komerica attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1); *Sanchez*, 614 S.W.3d at 247-48.

19

Komerica claims "the trial court denied the award of attorney's fees without giving any reason for the denial." The trial court signed a final judgment "adjudicating all claims of all parties" and, thus, denied Komerica reasonable attorney's fees it was entitled to under section 27.009(a)(1) for defending against the defamation claim that was dismissed pursuant to the TCPA. Because the trial court failed to award Komerica the mandated attorney's fees, we sustain its sixth issue.

## CONCLUSION

We reverse the trial court's final judgment awarding no attorney's fees to Komerica incurred in defending against the dismissed defamation claim and remand this cause for a determination of reasonable attorney's fees to which Komerica is entitled under section 27.009 of the TCPA. We affirm the trial court's final judgment in all other respects.

/s/ Meagan Hassan
Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.

20